IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IDA MAE ROGERS )
)
v. ) CIVIL NO. 1:06-cv-84
) MATTICE/CARTER
WAL-MART STORE 619, DAYTON, )
TENNESSEE; KIETH KITCHENS; )
TONYA MARTIN; and ANGELA )
MOFFETT )

REPORT AND RECOMMENDATION

Plaintiff Ida Mae Rogers has moved to amend her complaint (Doc. 25). The undersigned previously granted a portion of that motion to allow the plaintiff to add a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*. and to strike all other causes of action (Doc. 30). However, the undersigned reserved ruling on that portion of the plaintiff's motion to amend to add a demand for a jury trial. Defendant oppose an amendment to demand a jury trial on the sole ground that the motion is untimely. For the reasons stated herein, it is RECOMMENDED that the plaintiff's motion to amend her complaint to add a demand for a jury trial be GRANTED.

Discussion

Plaintiff brought this suit on April 7, 2006, as a *pro se* litigant. When filing her complaint, plaintiff completed the form the District Court Clerk provides *pro se* litigants. This form has no prompt for a jury trial, and the plaintiff made no demand for one. Prior to filing her complaint, the plaintiff had not consulted an attorney nor was she familiar with Fed. R. Civ. P. 38 or 39(b) which address making a request for a jury trial. Plaintiff moved this Court on April 14, 2006, to appoint an attorney to represent her, and this motion was denied on May 24, 2006 (Doc.

1

11).  Defendants filed their answer on May 22, 2006.  Plaintiff retained counsel on July 19, 2006.  Retained counsel filed a notice of appearance and a motion to amend on July 24, 2006.  The motion to amend contained the plaintiff's first demand for a jury trial.  Discovery has not commenced in this case, and there has been no scheduling conference pursuant to Fed. R. Civ. P. 16.

Under Fed. R. Civ. P. 38, where a party has a right to trial by jury as provided by the Seventh Amendment of the United States Constitution or by federal statute, he must demand one within ten days of the last pleading or his right to a jury trial is deemed waived.  *See* Fed. R. Civ. P. 38, *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990).  Nevertheless, "[n]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  Fed. R. Civ. P. 39(b).

Defendants accurately state that under Sixth Circuit law, a court "will not abuse its discretion in denying the Rule 39(b) motion if the only justification is mere inadvertence."  *Misco, Inc. v. Mid-South Aluminum Co.*, 784 F.2d 198, 205 (6th Cir. 1986).  On the other hand, this maxim does not define the limits of the court's proper exercise of discretion in granting a motion to amend to add a jury trial.  *Moody*, 915 F.2d at 207 ("cases involving affirmances of denial of a jury trial furnish no support for reversing a district court's decision to grant a jury trial under Rule 39(b).")  A district court has broad discretion in ruling on a Rule 39(b) motion.  *Id.*, *Kitchen v. Chippawah Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987).  "Moreover, the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary."  *Id.  See also, Thompson v. Fritsch*, 172 F.R.D. 269 (E.D.

Mich. 1997) ("The Sixth Circuit has adopted the more liberal approach of granting Rule 39(b) motions in the absence of strong and compelling reasons to the contrary.").

Courts will often consider several factors in determining whether to grant a motion to add a jury trial.

> The *Parrott* test involves a balancing of: (1) whether the case involves issues best tried to a jury; (2) whether granting the motion for jury trial would disrupt the court's or adverse parties' schedules; (3) how greatly adverse parties will be prejudiced; (4) how long the movant had delayed in requesting the jury trial; and (5) why the movant had not made a timely request for a jury trial.

*In re Suburban Motor Freight, Inc.,* 114 B.R. 943, 954 (Bkrtcy. S.D.Ohio 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936 (1983)); *see also*, 8 MOORE'S FEDERAL PRACTICE, § 39.31 (Matthew Bender 3d ed. 2000) (discussing same factors in considering a Rule 39(b) motion.)[1]

In the instance case, plaintiff's claim of discrimination is well suited to a jury trial as such cases usually present numerous credibility and factual issues. 8 MOORE'S FEDERAL PRACTICE, § 39.31[5][c][ii] (Matthew Bender 3d ed. 2000); *see also, Phelps v. Yale Security, Inc.*, 1991 WL 236591 *2 (E.D. Tenn. 1991) ("In light of the fact that age discrimination cases are typically tried to juries, the Court will allow this belated amendment to the pretrial order.") Discovery has not yet begun nor has there been a scheduling conference, thus allowing the plaintiff a jury trial at this point in the litigation would not disrupt the Court's or the parties' schedules. There would also be no prejudice to the defendant in the preparation of its defense, nor has the defendant so

---

[1] While I could find no Sixth Circuit case which discussed all the factors laid out in *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936 (1983), the Sixth Circuit in *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 207-08 (6th Cir. 1990), noted that the court did not disagree with the factors set out in *Parrott* but that it had only been necessary thus far to discuss the prejudice factor.

argued. Furthermore, when counsel was retained, counsel moved to amend the plaintiff's complaint the same day he entered his notice of appearance before the Court. Finally, the plaintiff's failure to make a timely jury demand is more a result of ignorance of the Federal Rules of Civil Procedure than of mere inadvertence. Having considered these factors and finding no compelling reasons to deny plaintiff's motion, it is RECOMMENDED that the Court exercise its broad discretion and GRANT the plaintiff's motion to amend her complaint to add a demand for a jury trial.[2]

                                                s/William B. Mitchell Carter
                                                UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).