UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IDA M. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:06-cv-84 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the Court are several motions in limine filed by both parties to this action (Court File No. 52, 53, 54, 55, 56, 70). The Court's rulings on these motions are made in the accompanying Order for the reasons set out below.

**I.      FACTS AND PROCEDURAL BACKGROUND**

The facts of this case are more fully set out in the Court's memorandum granting in part and denying in part summary judgment (Court File No. 76). However, the Court will briefly summarize the facts relevant for the disposition of these motions.

Plaintiff Ida M. Rogers ("Plaintiff") worked for defendant Wal-Mart Stores East L.P. ("Defendant") from 1999 until 2004. On January 10, 2002, Plaintiff was injured while working for Defendant. Plaintiff's ability to work was severely limited by her injury, but Plaintiff continued to work for Defendant with lengthy leaves of absence and accommodations. On May 17, 2004, Defendant terminated Plaintiff's employment. Defendant claims it terminated Plaintiff's employment either because she failed to show for several weeks or because other employees caught

Plaintiff sleeping on the job. Plaintiff claims Defendant fired her because she was disabled and so violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA").

Plaintiff also claims she suffered harassment from her supervisor and others that constituted harassment in violation of the ADA. Plaintiff alleges as part of this harassment her supervisors failed to offer reasonable accommodations as required by the ADA.

Plaintiff has filed claims for Social Security Disability Insurance ("SSDI") benefits as well as temporary and permanent total disability workers' compensation benefits. Plaintiff has also filed this action for wrongful termination, failure to accommodate, and hostile work environment under the ADA. On summary judgment, this Court dismissed Plaintiff's failure to accommodate claim, but denied Defendant's motion on Plaintiff's wrongful termination and hostile work environment claims.

## II. DISCUSSION

### A. Plaintiff's First and Second Motions in Limine (Court File Nos. 52, 53)

Plaintiff's first and second motions involve the same two legal issues: first, whether evidence of Plaintiff's claims for SSDI benefits and workers' compensation benefits is relevant to the present action; and second, whether the probative value of Plaintiff's other legal claims is substantially outweighed by either the danger of unfair prejudice or the risk of confusing the issues.

Plaintiff argues the only relevance of the other claims goes to the issue of estoppel, and estoppel is "a legal issue for the Court rather than a factual issue for the jury to decide." (Court File No. 52 at 1). Therefore, Plaintiff contends this evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable.

As such, the evidence is not relevant to the question of whether Plaintiff is a qualified person with a disability, and this evidence should be excluded under Fed. R. Evid. 402.

Plaintiff further argues the "jury could likely become confused between the standards and purposes of the ADA and the workers' compensation laws of Tennessee" (Court File No. 52), and so the evidence should be excluded under Fed. R. Evid. 403. Plaintiff makes substantially similar arguments in her motion to exclude evidence of her claim for SSDI benefits (Court File No. 53).

Defendant replies the evidence is relevant because it tends to refute Plaintiff's status as a qualified person with a disability under the ADA (Court File No. 65). Defendant argues Plaintiff's present position is in conflict with her prior statements, and Defendant may use prior inconsistent statements both to impeach Plaintiff and as substantive evidence.

In response to Plaintiff's Rule 403 argument, Defendant argues Plaintiff's inconsistent positions mean the probative value of the evidence "substantially outweighs any potential prejudice." (*Id.*). Defendant has also filed a supplemental response to clarify its legal position, which is that Plaintiff's other claims are relevant to the factual issue of whether Plaintiff is a qualified individual with a disability (Court File No. 87).

Plaintiff's argument against this evidence's relevance is mistaken. Even if the evidence is necessary to consider a question of estoppel, that does not mean it is not relevant for any other purpose.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Defendant cites a Sixth Circuit case for the principle that the prior sworn statements of the parties should be considered "as a material factor." *Blanton v. Inco*

*Alloys Intern., Inc.*, 123 F.3d 916, 917 (6th Cir. 1997). The Court agrees with the argument Defendant raised at the final pretrial conference. Just as a reasonable juror could find these positions are not in conflict, a reasonable juror could find they are in conflict. The jury could conclude Plaintiff's prior sworn statement is effectively a statement she is too disabled to work, and therefore at odds with Plaintiff's present position. The jury could further conclude this statement both tends to impeach Plaintiff's credibility and to cast doubt on her claim to be a qualified person with a disability.

"In performing the 403 balancing, the court should 'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *Deters v. Equifax Credit Info. Serv.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (*citing* 1 J. Weinstein & M. Burger, *Weinstein's Evidence* § 403[3], 4 03-25 to 4 03-26 (1982)). In weighing the probative aspect of evidence a Court must consider the evidence "against the background of all the evidence in the case." 22 Charles Alan Wright, Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5214 (1978).

Of course, all relevant evidence is to some degree prejudicial. What the rule discourages is unfair prejudice, which is evidence that has "an undue tendency to suggest decision on an improper basis, commonly but not necessarily an emotional one." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006). A court should only exclude evidence as confusing if "the proffered evidence puts [the other party] in the dilemma of choosing between accepting an unfair inference or offering a harmfully confusing rebuttal." 22 Charles Alan Wright, Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5216 (1978).

This evidence is of limited probative value. To consider the evidence at its strongest possible level requires a complicated legal analysis, which applies the facts of this case to three different

statutory schemes. Only one of those schemes is at issue here, and Plaintiff has, as detailed below, effective counter arguments to the significance of this evidence. Even with evidence of limited probative value, the Court will not exclude this evidence unless this value is substantially outweighed by the danger of unfair prejudice or the risk of confusion.

The prejudicial value of this evidence, even at worst, is small. First, the application for SSDI benefits "failed" (Court File No. 50 at 9). A claimant may receive benefits only if she is unable "to engage in any substantial gainful activity by reason of any medically determinable . . . impairment." 42 U.S.C. § 423(d)(1)(A). Defendant seeks to use the application for SSDI benefits for substantive evidence of Plaintiff's inability to engage in gainful activity. Defendant argues if Plaintiff is unable to engage in gainful activity, then it is less likely Plaintiff is able to work with or without a reasonable accommodation as the ADA requires.

Plaintiff has an effective counter argument. The Social Security Administration considered Plaintiff's application, but denied it because she was able to engage in a substantial gainful activity. Therefore, Plaintiff will argue if the failed SSDI benefits application shows anything, then it shows Plaintiff is capable engaging in a substantially gainful activity. Defendant will contend Plaintiff has changed her position based on what is convenient rather than what is true. Plaintiff will simply reply she relied on the expert determination of the Social Security Administration, and had a good faith basis for filing her claim.

Second, Plaintiff will no doubt argue Defendant has also argued both sides of the issue in her workers' compensation suit. Defendant argues Plaintiff claims she is able to work when it suits her, as in this present action, and she claims she is not able to work when it suits her, as in her workers' compensation action. Plaintiff again has an effective counter argument. Defendant claims

Plaintiff is able to work in her action for workers' compensation disability benefits, and Defendant claims Plaintiff is too disabled to work in the present action. Even if the jury concludes Plaintiff's claims are in conflict then this evidence is of limited prejudicial value.

The Plaintiff has excellent counter arguments to this evidence, and therefore the evidence's probative value is not substantially outweighed by unfair prejudice. Plaintiff may offer these arguments without reference to the differences between the statutory schemes. Therefore, Plaintiff is not placed in the unfair position of offering a harmfully confusing rebuttal. This does not mean Plaintiff is prohibited from arguing her claims do not conflict because of the legal differences in the statutes, but only she is not forced to by Defendant's arguments under these facts. Therefore the Court will **DENY** Plaintiff's first and second motions in limine (Court File Nos. 52, 53).

"[D]espite the appearance of conflict that arises from the language of the two statutes, the two claims do not inherently conflict." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802 (1999). And a reasonable juror could conclude Plaintiff's positions are not in conflict (Court File No. 76 at 13-16). "If the jury were to accurately assess the import of Plaintiff's previous allegations made in the pleadings and proceedings . . . fairness would dictate that plaintiff be allowed to present the various legal and subjective motivations underlying her decisions." *Mason v. Texaco, Inc.*, 129 F.R.D. 542, 546 (D. Kan. 1989) (*citing Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986)). The Court will instruct the jury in both the law of SSDI benefits and Tennessee workers' compensation. The Court will also instruct the jury it is possible for a Plaintiff to qualify for benefits under SSDI as well as workers' compensation and protection under the ADA. The Court will also instruct the jury that even if Plaintiff's claims do conflict the jury may, if convinced by the evidence, find Plaintiff's other claims are erroneous and find for Plaintiff in this action.

**B.     Plaintiff's Third Motion in Limine** (Court File No. 54)

Plaintiff also moves to exclude evidence Plaintiff's husband receives SSDI benefits (Court File No. 54). Plaintiff argues her husband's "medical, financial, and/or occupational condition is not relevant to the claims set forth in this lawsuit." (*Id*.). Defendant contends that because Plaintiff's husband receives SSDI benefits she likely "knew she must be totally disabled (not just unable to find a job) in order to qualify for benefits." (Court File No. 67 at 2).

This evidence on its face is not relevant. Defendant seeks to use the evidence to show Plaintiff has knowledge of the statute at issue. The relevancy of this evidence depends on the inference Plaintiff knew or likely knew the legal standards for SSDI benefits because Plaintiff's husband received them. In order for this evidence to be relevant there must also be "an introduction of evidence sufficient to support a finding" Plaintiff likely knew the standard because her husband received benefits. Fed. R. Evid. 104(b). There has been no such showing. A reasonable juror could not conclude simply because Plaintiff's husband receives SSDI benefits that Plaintiff likely understood the legal standard for the receipt of SSDI benefits. Therefore the Court will **GRANT** Plaintiff's Third Motion in Limine (Court File No. 54). Of course, this ruling as a question of conditional relevance depends on the particular facts before the Court at this time.

**C.     Plaintiff's Fourth Motion in Limine** (Court File No. 55)

Plaintiff, in her Fourth Motion in Limine, seeks to exclude evidence or "references to proceedings before the Equal Employment Opportunity Commission or any determination rendered as a result thereof." (Court File No. 55). Plaintiff argues determination letters of the EEOC "are inadmissible because they suggest that preliminarily there is no reason to believe that a violation has taken place and therefore results in unfair prejudice to Plaintiff." (*Id*. at 1)

Defendant in its response does not oppose Plaintiff's motion insofar as this relates to the "EEOC's determination or its actions during the underlying investigation." (Court File No. 68 at 3). However, Defendant seeks to preserve the admissibility of the statements Plaintiff made to the EEOC and the date Plaintiff filed the charge form.

Plaintiff only mentions the determination of the EEOC as a ground for unfair prejudice. The statements and types of evidence Defendant seek to admit may be considered without reference to the disposition of the EEOC's determinations. The parties may introduce and refer to Plaintiff's statements contained on the charge form and the date of its filing. However, the existence of any determination or findings of the EEOC is excluded, and to this extent Plaintiff's Fourth Motion in Limine will be **GRANTED IN PART**.[1]

### D. Plaintiff's Fifth Motion in Limine (Court File No. 56)

Plaintiff in her Fifth Motion in Limine moves to exclude the medical records of Dr. Stephen Dreskin, her pain management physician (Court File No. 56). Plaintiff specifically objects to several of her statements contained in the report (*id.*). Plaintiff argues the medical diagnosis hearsay exception is inapplicable because the "statements do not refer to Plaintiff's pain and are not made for the purpose of helping Dr. Dreskin to assess or treat her pain." (*Id.*).

Defendant in reply argues the statements are for the purposes of a medical diagnosis and are admissions of a party opponent (Court File No. 68). Defendant also argues the medical records are business records (*id.*).

Plaintiff's statements are easily dealt with as the admission of a party opponent. "A

---

[1]Defendant in addition argues the determination of the EEOC may be used for impeachment purposes or otherwise used by Defendant if an unforeseen justification arises at trial. The Court need not decide this particular issue at this time.

statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement." Fed. R. Evid. 801(d). Dr. Dreskin attributed these statements to Plaintiff and so these statements are party opponent admissions under the Rules and are admissible.

If Dr. Dreskin testifies on the stand that Plaintiff made these statements, then the testimony is perfectly admissible. However, these statements are in his report so any testimony would be to the effect of "Dr. Dreskin said, Plaintiff said." In such a case, Defendant still must show the "Dr. Dreskin said" portion of the testimony falls into a hearsay exception. Here, Defendant argues the business record exception applies. The Court does not have sufficient evidence, nor have the parties sufficiently developed their argument, for the Court to rule on the admission of this document as a business record. The Court notes medical records can qualify for the business record exception to the rule against hearsay. *Norton v. Colyer*, 828 F.2d 384, 386-87 (6th Cir. 1987). However, in order for these documents to be received into evidence over Plaintiff's objection the proponent must lay an appropriate foundation. The court will **RESERVE RULING** on the admissibility of Dr. Dreskin's report under the business record exception.

**E.     Defendants's Motion in Limine to Exclude Evidence of the Cost of Plaintiff's Claim for Workers' Compensation Benefits** (Court File No. 70)

Defendant in its motion in limine moves to exclude "information related to the cost of Plaintiff's claim for workers' compensation benefits, its effect on Store or Company profitability or its effect on Associate bonuses." (Court File No. 70). Defendant argues this evidence is not relevant to the issues at hand. Defendant states the issues are "(1) whether Plaintiff is a qualified individual with a disability who can perform the essential functions of the People Greeter position with or without a reasonable accommodation . . . (2) whether Wal-Mart terminated Plaintiff because she was disabled . . . (3) whether Wal-Mart failed to reasonably accommodate her disability."

(Court File No. 71). Defendant cites Rule 403, but does not indicate any particular unfair prejudice which this evidence implicates. Defendant also cites Rule 404, but Plaintiff's proposed use of evidence to show intent falls within an exception to this Rule. Fed. R. Evid. 404(b).

Plaintiff does not oppose this motion, with one exception (Court File No. 78). Plaintiff wishes to introduce a "comment . . . by an Assistant Store Manager to the effect that Defendant would not be giving bonuses to store employees because of the number of employee work injuries." (*Id*.). This comment immediately preceded the assistant store manager in a public meeting welcoming "Plaintiff back to work after being out with a workers' compensation injury." (*id*.). Plaintiff argues this occurrence should be admitted because it is relevant to Plaintiff's hostile work environment claim and to proving the discriminatory intent for her wrongful termination claim.

Defendant in its list of issues fails to note the requirement under the ADA Plaintiff prove discrimination. 42 U.S.C. § 12112(a). The question then becomes whether this evidence, if credited, makes it more or less likely Plaintiff suffered discriminatory action by her employer. Plaintiff argues this evidence shows discriminatory animus because the assistant manager mentioned Plaintiff's injury right after explaining Defendant would not give a bonus this year because of the number of injured workers. This combination, in context, evinced an intent by the assistant manager to alienate and ostracize Plaintiff from the other employees. If a juror credited this testimony, a juror could conclude a supervisor deliberately singled Plaintiff out on this occasion as an object of antipathy. This antipathy would be on account of Plaintiff's injury, and it is undisputed Plaintiff claims to be disabled because of this injury.

Defendant also argues the Court should exclude this evidence because the manager only spoke of workers' compensation, which does not require a showing a person is disabled within the

meaning of the ADA. "[E]ven if the cost of Plaintiff's workers' compensation claim played some role in its actions [this evidence is not relevant] because an individual does not have to be disabled . . . in order to benefit under the Tennessee Workers' Compensation Act." (Court File No. 71). Therefore, Defendant argues the probative value of this evidence is slight because it is probative of hostility to an injury but not hostility to a disability. However, a juror on the facts recounted by Plaintiff in her complaint and motion for summary judgment could conclude, in the context of Defendant's employee's other alleged actions, this statement evinces a discriminatory animus towards Plaintiff because of her disability. It is unlikely the listeners to any such speech by an assistant store manager for Wal-Mart would draw such a nice distinction between injury and disability as Defendant does. Accordingly, the Court will **GRANT IN PART** this motion (Court File No. 70). Plaintiff may introduce evidence of the assistant manager's statement; however, as Plaintiff concedes, other evidence which is not relevant to show Defendant's discriminatory intent is not admissible.

    **F.**  **Plaintiff's Sixth Motion in Limine** (Court File No. 83)

Plaintiff also moves to exclude a witness Defendant first included as a 'may call' witness in the parties' final draft of the Final Pretrial Order (Court File No. 83). At the final pretrial conference Defendant represented the witness at issue, Ms. Conner, was a rebuttal witness.

Plaintiff argues this witness was not included in Defendant's Rue 26(a) initial disclosures, and argues the "eleventh-hour addition of Ms. Conner to Defendant's witness list is highly prejudicial to Plaintiff." (*Id*.). Rule 26(a) requires each party to disclose individuals who have discoverable information "the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(i). However, Defendant indicated

Ms. Conner, if she testifies, will be a rebuttal witness and is not an individual covered by 26(A)(1)(i) disclosures. The substance of Ms. Conner's proposed testimony and the question of whether it may be offered at trial as proper rebuttal testimony is not before the Court. However, Plaintiff's motion to exclude her testimony for failure to comply with Rule 26(a) will be **DENIED**.

### III. CONCLUSION

For the foregoing reasons:

The Court will **DENY** Plaintiff's First and Second Motions in Limine (Court File Nos. 52, 53).

The Court will **GRANT** Plaintiff's Third Motion in Limine (Court File No. 54).

The Court will **GRANT IN PART** Plaintiff's Fourth Motion in Limine (Court File No. 55).

The Court will **RESERVE RULING** on Plaintiff's Fifth Motion in Limine (Court File No. 56).

The Court will **GRANT IN PART** Defendant's Motion in Limine to Exclude Testimony Related to the Cost of Plaintiff's Claim for Workers' Compensation Benefits (Court File No. 70).

The Court will **DENY** Plaintiff's Sixth Motion in Limine (Court File No. 78).

An Order shall enter.

                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**